**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| vs. | * | **CRIMINAL NO.: 10-0190-KD** |
| | * | |
| **NICOLE SUMERLIN FARIS,** | * | |
| | * | |
| **Defendant.** | * | |

**ORDER**

This matter is before the court on consideration of Defendant's motion to continue the trial into the May 2011 criminal term (Doc. 30). AUSA Greg Bordenkircher concurred in this request during the pretrial conference held on March 15, 2011.

Upon consideration of the grounds presented and the Court's record, the Court finds that neither the defendant nor the United States will be unduly prejudiced by a continuance of this trial into the May 2011 criminal term; therefore, the defendant's motion is **GRANTED** and the trial is **CONTINUED.** The trial will be rescheduled for **May, 2011,** with jury selection rescheduled for **May 2, 2011**.

The Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." The reason for this decision is clear, defendant needs more time to prepare for trial.

The "defendant is charged in a ten-count indictment accusing her of executing a scheme to defraud the business she ran by way of wire communication via the internet, in violation of 18 U.S.C. § 1343." (Doc. 30, p. 1) The fraud scheme charged is fairly complex and has generated a request for

1

> 1) all business related expense reports submitted by defendant during the period of her employment;
> 2) any and all bookkeeping and/or accounting documents, to and including but not limited to, expenses reports submitted by other employees evidencing expenses by said other employees of Gulf Coast Personnel;
> 3) Any and all records, documents, memos, reports, communications, emails, or other such item evidencing that defendant was prohibited from using a Global Cash Card as alleged in the indictment;
> 4) Any and all record, documents, memos, reports, communications, emails, or other such item evidencing that defendant may have reason to rely in charging expenses on a global Cash Card.

Motion To Produce (Doc. 21).

The Government agreed to assemble this information even though it meant obtaining the cooperation of a third party. During this process, Defendant received on March 10, 2011, "two CD[]s containing business checking account and QuickBooks records for an approximate one and one-half year time period." The business records contained on these CDs is voluminous and counsel for the Government has agreed that more time is needed under these circumstances for Mr. Armstrong and his client to review the information just recently produced.

Counsel's valid reasons for an extension of the pretrial preparation period in order to consider a reasonable settlement of the charges or to otherwise prepare for trial justify the continuance that he seeks. See 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

Defendant shall file a personal confirmation that the previous waiver of her Speedy Trial rights also covers the period from March 15, 2011 to the trial setting for the May 2011 criminal

term not later than **March 28, 2011**.  The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

DONE AND ORDERED this 17th day of March, 2011.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**